Eastern District of Kentucky
FILED
APR 14 2011
At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | | |
|---|---|---|
| DAMON FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 7:11-20-HRW |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SENIOR SPECIALIST MOORE, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\* \*\* \*\* \*\* \*\*

Plaintiff Damon Foster[1] has filed: (1) a *pro se* civil rights complaint asserting claims under 28 U.S.C. § 1331, and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) [Docket No. 2] and (2) a "Motion for Extension of Time" [Docket No. 7] in which to submit additional documentation explaining his administrative exhaustion efforts.

As Foster has been granted pauper status by prior separate Order [Docket No. 6] and is asserting claims against government officials,[2] the Court now screens his

---

[1] Foster is confined in the United States Penitentiary-Big Sandy ("USP-Big Sandy") located in Inez, Kentucky.

[2] Foster asserts claims against the following defendants, all USP-Big Sandy officials, in both their individual and official capacities: (1) "L." Moore, Senior Specialist Officer; (2) "C." Tuozzo, Correctional Officer; and (3) unknown John Doe Correctional Officers.

Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e). Both of these sections require a district court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.*; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[3] For the reasons below, the Court will deny Foster's motion for an extension of time and will dismiss this proceeding without prejudice.

## FOSTER'S CLAIMS

Foster alleges that on December 4, 2010, the defendants took him to an area of the prison removed from surveillance cameras, physically assaulted him, and inflicted serious bodily injuries on him [Docket No. 2, pp. 2-5]. Foster filed this *Bivens* Complaint on February 11, 2011, asserting claims under the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment. Foster seeks unspecified damages for his bodily injuries and emotional distress.

Section IV of the Complaint Form requires federal prisoner-plaintiffs to explain what they did to comply with the Bureau of Prisons' ("BOP") Administrative

---

[3]
A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

Remedy Program, found at 28 C.F.R. §§ 542.10-.19,[4] and further requires prisoners to attach copies of their administrative remedy efforts. In his Complaint Form, Foster checked three boxes indicating that he had pursued all three steps of the BOP's procedures, *i. e.*, that he had:

(1) submitted a Request for Administrative Remedy with the Warden of USP-Big Sandy;

(2) filed an appeal to the BOP Regional Director; and

(3) filed an appeal with the BOP's Office of General Counsel.

[*Id.*, p. 6].

Foster also stated that he had received "no response" from his grievances, and that because he had been kept on 24-hour lock-down since the incident, he had "no way of knowing whether my appeal to other entities ever got through" [*Id.*, pp. 6-7]. Foster did not mention that anyone at USP-Big Sandy had attempted either to hinder

---

[4] Section 542.13(a) demands that an inmate first informally present his complaint to the staff by filing a BP-8, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may initiate the formal remedy process by filing a written request (a BP-9) to the Warden. If the inmate is not satisfied with the Warden's response, then he has 20 days from the date of the Warden's response in which to appeal (a BP-10) to the Regional Director for the geographical region in which the inmate's place of confinement is located; for federal prisoners in the Eastern District to Kentucky, the appeal goes to the Mid Atlantic Regional Office of the BOP in Annapolis Junction, Maryland. If the prisoner is not satisfied with the Regional Director's response, within 30 days after the date of the Regional Director's response, he may appeal to the Office of General Counsel of the BOP, (a BP-11). *See* § 542.15 (a) - (b). The BOP administrative remedy process takes approximately ninety (90) days to complete from the time the prisoner submits his BP-9 request, absent extensions.

or prevent him from exhausting his claims.

On March 7, 2010, the Court ordered Foster to explain how he could have completed the three-step BOP exhaustion process within the two-month period between December 4, 2010, and February 7, 2011, and also asked him to provide copies of his administrative exhaustion efforts [Docket No. 5].

On March 18, 2011, Foster responded that because unidentified USP-Big Sandy prison officials had conspired to prevent him from administratively exhausting his claims while he was confined in the segregated housing unit ("SHU"), the BOP exhaustion process was not readily available to him [*Id.*, p. 2]. Foster added that he was "[a]ttempting to process 'the complaints written by him to the Warden,' the regional office and his attorney expressing what occurred. However, neither has responded at this time.'" [*Id.*]. Foster attached no documentation to his response.

Foster then asked the Court either to extend his time in which to respond to the prior Order or waive the exhaustion process and address the merits of his claims, and to order the Warden of USP-Big Sandy to provide him with the BP 8, 9, 10 and 11 forms he needed to exhaust his remedies. *Id.*

## DISCUSSION

Pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, prisoners must properly exhaust their available administrative remedies prior to filing

a civil lawsuit. *See also, Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Here, it is unclear what, if any, action USP-Big Sandy officials may have taken to prevent Foster from administratively exhausting his Eighth Amendment claims. In his Complaint Form, Foster alleged that he had pursued all three of the BOP's administrative remedies within a sixty-day period. Even assuming as true, as the Court must, Foster's statement in his Complaint that both the Warden of USP-Big Sandy and the BOP Regional Director failed to respond to his administrative remedies, such failures would not have prevented him from pursuing the next available levels of administrative review.

Pursuant to § 542.18, the Warden has twenty (20) days in which to respond to a BP-9 "Request for Administrative Remedy" and the BOP Regional Director has thirty (30) days in which to respond to a BP-10 appeal. Section 542.18 further provides that the BOP's failure to timely respond to any grievance must be considered to be a denial at that level, which in turn requires the prisoner to seek further review at the next level.

Accordingly, assuming that Foster filed complied with the twenty-day filing period set forth in 28 C.F.R. § 542.14(a) by filing his BP-9 "Request for Administrative Remedy" on December 24, 2010, (twenty days after the alleged events of December 4, 2010), he would have been required to wait at least twenty days for a response from the Warden.

Assuming that Foster received no response from the Warden by January 13, 2011, which would have been the expiration of that twenty-day period, he would have then been required to submit a BP-10 appeal to the BOP Regional Director on or before February 2, 2011, (twenty days from January 13, 2011), *see* 28 C.F.R. § 542.15(a), and wait another thirty days for the Regional Director's response, which would have been March 2, 2011.

If Foster received no response from the Regional Director by March 2, 2011, he should have considered his BP-10 appeal as denied and then submitted his final BP-11 appeal to the BOP Central office by April 2, 2011, which date would have been thirty days from March 2, 2011. Foster, however, filed this action on February 11, 2011, mid-stream in the administrative remedy process.

Foster's March 18, 2011, Response does not explain the statements in his Complaint; it contradicts them. Jackson stated in his Complaint that he had pursued all three steps of the BOP exhaustion process, and he made no reference to any

6

alleged conspiracies preventing him from exhausting his claims. But in his subsequent Response, he claimed for the first time that unidentified USP-Big Sandy officials conspired to prevent him from exhausting his Eighth Amendment claims; that the normal exhaustion procedure had been "kept away" from him; that the Warden refused to respond to his administrative remedy; and that he was "attempting to process" his complaints to both the Warden and the Regional Office.

Yet later in that same response, Foster indicated that he has not filed *any* grievances, because he asks the Court to order the Warden to provide him with the necessary BP-8, 9, 10, and 11 appeal forms and asks the Court to waive the exhaustion requirement. It is unclear how Foster could have filed any administrative remedies, as he stated in his Complaint Form that he had done, if he did not have the necessary forms. Taken as a whole, Foster's statement and request indicate that he has either just begun the administrative exhaustion process, or is at best only in the midst of it. Further, Foster's claim that his SHU confinement excuses his failure to exhaust lacks merit. Section 542.14 provides as follows:

> (a) Submission. The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred.
>
> (b) Extension. Where the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed. In general, valid reason for

delay means a situation which prevented the inmate from submitting the request within the established time frame. **Valid reasons for delay include the following: an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions requested under § 542.19 of this part was delayed.**

*Id.* (Emphasis added). Notably, § 542.14 does not list confinement in SHU as a valid reason for delay in filing an administrative remedy.

The Prison Litigation Reform Act, ("PLRA") 42 U.S.C. § 1997e(a), requires state and federal prisoners to exhaust all available administrative remedies before bringing an action with respect to prison conditions under federal law. The Supreme Court of the United States has twice held that the statute means precisely what it says. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 525 (2002). Additionally, in *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that exhaustion of administrative remedies must be done "properly," which means going through all steps that the agency holds out, obeying all directions, and adhering to all deadlines set by the administrative rules. *Id.* at 90.

When the affirmative defense of failure to exhaust appears on the face of a complaint, a district court can dismiss the complaint *sua sponte* on the grounds that

8

it fails to state a claim. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); 28 U.S.C. § 1915A(b)(1)); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (holding that a case under the PLRA can be dismissed *sua sponte* "for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust his administrative remedies).

This Court, and other district courts in this circuit, have held that under *Jones*, dismissal of a complaint *sua sponte* is warranted where failure to exhaust is apparent from the face of the complaint. *Walker v. Baker*, No. 6:10-CV- 68-ART (E.D. Ky.) [R. 9 & 10, June 24, 2010]; *Smith v. Lief*, No. 5:10-00008-JMH, 2010 WL 411134 at *4 (E.D. Ky. January 27, 2010); *Gunn v. Kentucky Depart. Of Corrections*, No. 07-103, 2008 WL 2002259, * 4 (W.D. Ky. May 7, 2008); *Deruyscher v. Michigan Dept. of Corrections Health*, No. 06-15260-BC, 2007 WL 1452929, at *3 (E.D. Mich. May 17, 2007).

It is clear from the Complaint that Foster could not have completed the entire BOP exhaustion process when he filed this action on February 7, 2011, just two months after the alleged events of December 4, 2010. For that reason, Foster's motion for an extension of time in which to exhaust his claims will be denied as moot and his Complaint will be dismissed without prejudice to him filing another action

after he completes the BOP administrative remedy process.[5] According to Foster's Response of March 18, 2011, he is in the process of exhausting his Eighth Amendment claims.

## CONCLUSION

Accordingly, for the reasons stated above, **IT IS ORDERED** as follows:

(1) Plaintiff Damon Foster's Complaint [Docket No. 2] is **DISMISSED WITHOUT PREJUDICE**;

(2) Foster's "Motion for Extension of Time" [Docket No. 7] is **DENIED** as **MOOT**;

(3) This action is **DISMISSED** from the docket of the Court; and

(4) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This April 14, 2011.



Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**

---

[5] If Foster files a new action after exhausting his claims, and if that Complaint is based on the same facts he asserted in this action, he will be eligible for a waiver of the $ 350.00 filing fee pursuant to *Owens v. Keeling*, 461 F.3d 763, 776-77 (6th Cir. 2006) (holding that prisoner should not have to pay a second filing fee for refiling his complaint after it was initially dismissed without prejudice for failure to exhaust).